NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
**STEVEN T. MYGRANT, OSB #031293**
Steven.Mygrant@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00173-IM-2 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ERLIN MAURICIO LARIOS VALLE,** | |
| Defendant. | |

## Introduction

Defendant worked as a sub-distributor for a transnational drug trafficking organization (DTO). This conduct allowed a Mexico-based drug trafficker to profit from the sale of heroin, methamphetamine, fentanyl, and cocaine in Oregon and other markets in the United States. The government agrees with the guideline calculation and criminal history computation as outlined in the PSR. There are no factual disputes between defendant and the government. As a result, the

parties jointly recommend a 46-month sentence of imprisonment. Additionally, the government recommends five years of supervised release and a $100 fee assessment.

I.  **FACTUAL BACKGROUND**

   A.  **The Offense Conduct**

In January 2021, the Drug Enforcement Administration (DEA) was conducting a long-term wiretap investigation into a Mexico-based DTO. Through the investigation, DEA identified defendant as a sub-distributor for the Mexico-based DTO.

On February 2, 2021, using intercepted communications, investigators observed defendant engage in a drug transaction. Investigators stopped defendant's vehicle and found 124.4 net grams of heroin and $14,971 in drug proceeds.

During the investigation, DEA identified a drug stash house in Portland. Investigators observed defendant stop at the stash house on March 18, 2021. As defendant left the stash house, investigators conducted a vehicle stop. Investigators seized 83.7 net grams of methamphetamine, 364.8 net grams of heroin, and 0.453 net grams of cocaine.

On May 6, 2021, investigators intercepted communications and conducted surveillance indicating that defendant had transferred $22,316 in drug proceeds.

On May 23, 2021, a confidential source ordered drugs from a Mexico-based supplier. When defendant arrived, investigators arrested him and searched his vehicle. Inside his vehicle, investigators seized 40.8 net grams of methamphetamine, 77 net grams of fentanyl in the form of counterfeit oxycodone pills, 35 net grams of cocaine, and 259 net grams of heroin.

/ / /

/ / /

B.  **The Charges**

Defendant was charged in a single-count superseding indictment. Count one charged conspiracy to possess with intent to distribute and distribute controlled substances, to use a communication facility and to maintain drug-involved premises in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(A)(i), 843(b), 856(a), and 846. Defendant pleaded guilty to count one on September 14, 2022.

C.  **The Plea Agreement & Guideline Calculations**

Defendant agreed to plead guilty to count one, and in exchange the government will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility. The parties agree to the following guideline calculation.

| Enhancement | Government's Position |
| --- | --- |
| Base Offense Level— USSG §2D1.1(c)(4) | 32 (not contested) |
| Safety Valve— USSG §5C1.2 | -2 (not contested) |
| Acceptance of Responsibility— USSG §3E1.1 | -3 (not contested) |
| 3553(a) Factors | -4 (not contested) |
| **Final Offense Level** | **23, CHC I (46-57 months)** |

II.  **GOVERNMENT's RECOMMENDED SENTENCE**

Distribution of heroin, meth, fentanyl and cocaine is a serious federal offense. Drug trafficking organizations profit from addiction and the human suffering that accompanies it. However, defendant appears to have been sub-distributor and courier within the overall DTO.

Defendant lacked the ultimate decision-making authority and received orders from the Mexico-based drug supplier.

The government recommends a four-level downward variance for section 3553(a) factors and to achieve a reasonable sentence. At the time of the offense conduct, defendant was a young man who had escaped from the violence he experienced in Honduras. After his arrest, defendant expressed his desire to accept responsibility. The parties then negotiated a joint sentencing recommendation of 46 months. The parties originally contemplated a two-level variance to achieve a sufficient sentence under 3553(a). However, in calculating the guideline computation, the parties used a methamphetamine mixture formula to calculate the defendant's base offense level. The PSR ultimately used a methamphetamine purity formula to calculate the defendant's base offense level, which resulted in a guideline calculation two levels higher than the mixture computation. While the PSR is accurate, the government has used a methamphetamine mixture analysis for other similarly situated defendants in this prosecution. In an effort to avoid unwarranted sentencing disparities among similar defendants and to honor the agreement between the parties, the government recommends a four-level downward variance to achieve the negotiated sentence of 46 months' imprisonment.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Based on the foregoing, the government recommends the Court impose a sentence of 46 months' imprisonment, followed by a five-year term of supervised release, subject to the conditions in the PSR, and a $100 fee assessment.

Dated: December 7, 2022                         Respectfully submitted,

NATALIE K. WIGHT
United States Attorney

/s/ *Andrew T. Ho*
ANDREW T. HO, OSB #185047
STEVEN T. MYGRANT, OSB #031293
Assistant United States Attorneys